UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARCY CALAFIORE,<br><br>Defendant. | No.  1:21-cr-00115-ADA-BAM-3<br><br>ORDER DENYING DEFENDANT'S REQUEST TO SEAL<br><br>(ECF No. 169) |

On August 14, 2023, Defendant Darcy Calafiore filed objections to her presentence investigation report as well as a proposed order to seal Attachment A to her objections.  (ECF Nos. 168, 169.)  Her proposed order cites to no legal authority but asserts that Attachment A contains personal medical information that is confidential and protected under the Health Insurance Portability and Accountability Act (HIPAA).  (ECF No. 169.)

The public and press have a First Amendment right to access sentencing proceedings.  *See United States v. Rivera*, 682 F.3d 1223, 1229 (9th Cir. 2012).  This presumption of access "can be overcome only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'"  *Oregonian Publ'g Co. v. U.S. Dist. Ct. for the Dist. of Or.*, 920 F.2d 1462, 1465 (9th Cir. 1990) (quoting *Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 510 (1985)).  Local Rule 141(b) requires the proponent of a sealing request to "describe generally the documents sought to be sealed" and "set forth the statutory or

1  other authority for sealing." E.D. Cal. R. 141(b).

2  The Court must deny Ms. Calafiore's request to seal for two reasons.  First, courts have
3  held that the right to privacy in one's personal medical records rarely constitutes a compelling
4  reason to seal entire documents.  *See, e.g.*, *United States v. Kaczynski*, 154 F.3d 930, 932 (9th Cir.
5  1998) (affirming district court decision to redact portions of competency report where the
6  redactions concerned matters that had little relationship to the issue of competency or had the
7  potential to embarrass third parties); *United States v. Guerrero*, 693 F.3d 990, 1003 (9th Cir.
8  2012) (recognizing alternatives to sealing competency proceedings including redaction of names
9  from reports).  While the Court recognizes that there may be compelling reasons to seal certain
10 private medical information that does not bear on sentencing proceedings, the public has a right to
11 know what information influences the Court's sentencing decisions.  *See United States v.*
12 *Chanthaboury*, No. 2:12-cr-00188-GEB, 2013 WL 6404989, at *1 (E.D. Cal. Dec. 6, 2013)
13 (quoting *United States v. Strevell*, No. 05-CR-477 (GLS) 2009 WL 577910, at *4 (N.D.N.Y. Mar.
14 4, 2009)).  Ms. Calafiore does not explain how her request to seal is narrowly tailored to balance
15 these competing interests.

16 Second, Ms. Calafiore's objections include discussions of ailments detailed in her medical
17 records, yet she makes no request to redact this information in her objections.  (ECF No. 168 at
18 3–4.)  Providing such information in a public filing belies her request to seal the entirety of her
19 medical records.  *See Chanthaboury*, 2013 WL 6404989, at *2.  The fact that the public filing of
20 her objections contains a completely unredacted version of Attachment A, (ECF No. 168-1), only
21 magnifies this incongruity.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

2

Accordingly,

1. The request to seal, (ECF No. 169), is denied;

2. Ms. Calafiore may proceed by filing a new request to seal that either (1) explains why sealing Attachment A in full is necessary to protect a compelling interest, or (2) suggests redactions that are narrowly tailored to balance Ms. Calafiore's privacy interests with the public's right to access her sentencing filings.

IT IS SO ORDERED.

Dated:   August 16, 2023

UNITED STATES DISTRICT JUDGE